| | | |
|---|---|---|
| | AUSA: Kenneth Chadwell | Telephone: (313) 226-9698 |
| AO 91 (Rev. 11/1) Criminal Complaint | Special Agent: Shadi Elreda | Telephone: (313) 226-0513 |

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Michigan

United States of America
v.

Ali AL SADOON

Case: 2:19-mj-30385
Assigned To : Unassigned
Assign. Date : 7/18/2019
Description: RE: ALI AL SADOON (EOB)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ June 23, 2019 _____ in the county of _____ Wayne _____ in the _____ Eastern _____ District of _____ Michigan _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8, United States Code, Section 1253(a)(1)(C) | Hampering Removal |

This criminal complaint is based on these facts:

On or about June 23, 2019, in the Eastern District of Michigan, Southern Division, Ali Al Sadoon, an alien against whom a final order of removal was outstanding, knowingly took action with the purpose of preventing and hampering his removal from the United States; in violation of Title 8, United States Code, Section 1253(a)(1)(C).

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Shadi Elreda, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7/18/19

_____
*Judge's signature*

City and state: Detroit, Michigan

David A. Grand, United States Magistrate Judge
*Printed name and title*

# **AFFIDAVIT**

I, Shadi G. Elreda, being first duly sworn, hereby state as follows:

1) I am a Special Agent ("SA") with Homeland Security Investigations ("HSI"), United States Department of Homeland Security and have been so employed since May 2018. I am currently assigned to the HSI Detroit office, Counter Proliferation/Commercial Fraud Group. Prior to being a Special Agent with HSI, I was employed by the United States Federal Air Marshal Service ("FAMS") as a Federal Air Marshal (FAM) from December 2010 to May 2018. As a Federal Air Marshal, I worked in numerous law enforcement capacities to include serving as a Task Force Officer (TFO) with the Federal Bureau of Investigation Joint Terrorism Task Force ("JTTF"), where I investigated terrorism related crimes from February 2016 to May 2018.

2) The facts in this affidavit come from my personal observations, my training and experience, and information obtained from witnesses, other law enforcement agents, documents, and government databases.

3) Ali Najim Al Sadoon ("AL SADOON") is a thirty-three-year-old, native and citizen of Iraq, who was admitted into the United States as a refugee, on June 23, 1994, at New York, New York.

4) On or about August 20, 2013, Immigration and Customs Enforcement ("ICE") initiated removal proceedings against AL SADOON by issuing a Form I-862, Notice

1

to Appear, charging him as removable from the United States pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii) and (iii) based on Breaking and Entering and Safe Breaking felony convictions.

5) On March 24, 2015, while serving his sentence for the aforementioned offenses, AL SADOON was ordered removed from the United States by an Immigration Judge ("IJ") in Detroit, Michigan. AL SADOON waived further appeal of that decision. AL SADOON was released from Michigan Department of Corrections custody to ICE on May 17, 2016. AL SADOON's motion to reopen removal proceedings, filed on September 21, 2017, was denied by the IJ on November 8, 2017.

6) On December 18, 2018, AL SADOON was released from ICE custody on an order of supervision ("OSUP") pursuant to the Honorable Mark A. Goldsmith's November 20, 2018 Opinion and Order in the *Hamama v. Adducci* case. The OSUP required AL SADOON to "appear in person at the time and place specified, upon each and every request of the agency, for identification and for deportation or removal" and "enrollment and successful participation in an Alternative to Detention (ATD) program" which included "electronic monitoring" via a GPS tether. The OSUP warned AL SADOON that failure to comply with the OSUP could subject him to criminal prosecution. AL SADOON nevertheless violated the conditions of his OSUP as set forth below.

7) Since his release on December 18, 2018, AL SADOON has had the opportunity to comply with his order of removal by obtaining a travel document and making his own travel arrangements to depart the United States.

8) On March 13, 2019, the government of Iraq issued a travel document for AL SADOON's removal from the United States.

9) A ticketed itinerary for AL SADOON's removal from the United States was received on May 23, 2019, for travel beginning June 23, 2019. AL SADOON's removal from the United States was scheduled to begin on June 23, 2019, from Detroit Metro Airport, via Delta flight number 3350, departing at 5:59 PM.

10) On June 21, 2019, AL SADOON appeared as instructed at the ICE, Enforcement and Removal Operations ("ERO") office located at 260 Mt. Elliott, Detroit, MI, 48207. At this time AL SADOON was given instructions regarding his removal. AL SADOON was instructed to meet ICE, ERO officers at Detroit Metro Airport on June 23, 2019 at 4:00 PM.

11) On June 23, 2019, at approximately 8:58 AM, AL SADOON's GPS tether unit sent a "strap tamper" message. A "strap tamper" message goes out to the central monitoring computer alerting officers that the strap's fiber-optic circuitry is intercepted due to strap cutting or removal. The tether was cut in Detroit, MI, in the area of Interstate I-96 and W. Chicago Street.

12) On June 23, 2019, AL SADOON did not report to Detroit Metro Airport as required. ICE ERO confirmed with airline personnel that AL SADOON had not checked in. AL SADOON's failure to appear prevented the scheduled removal.

13) At approximately 5:00 PM on June 23, 2019, ICE, ERO officers responded to the area of Interstate I-96 and W. Chicago Street to retrieve the GPS tether unit without success. At approximately 8:30 AM on June 24, 2019, ICE. ERO officers were able to locate and recover the unit in the area of westbound Interstate I-96 and W. Chicago Street in Detroit, MI.

14) Therefore, I have probable cause to believe that Ali Najim AL SADOON, an alien against whom a final order of removal was outstanding, knowingly took action, namely the removal of his tether and failure to appear at the airport for his scheduled removal flight, with the purpose of preventing and hampering his removal from the United States, in violation of Title 8, United States Code, Section 1253(a)(1)(C).

_____
Shadi G. Elreda, Special Agent
Homeland Security Investigations

Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
Honorable David R. Grand
United States Magistrate Judge